**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C.  20036 | *<br>*<br>*<br>*<br>* | |
| and | *<br>* | |
| ADAM ENTOUS<br>The New Yorker<br>1 World Trade Center<br>New York, N.Y. 10007 | *<br>*<br>*<br>*<br>* | |
| Plaintiffs, | *<br>* | Civil Action No. 19-609 |
| v. | *<br>* | |
| CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505 | *<br>*<br>* | |
| and | *<br>* | |
| DEPARTMENT OF STATE<br>Office of the Legal Adviser<br>600 19th Street, NW<br>Washington, D.C. 20522 | *<br>*<br>*<br>*<br>* | |
| and | *<br>* | |
| DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001 | *<br>*<br>*<br>* | |
| and | *<br>* | |
| DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000 | *<br>*<br>*<br>* | |
| and | *<br>* | |
| DEPARTMENT OF COMMERCE<br>1401 Constitution Avenue, NW | *<br>* | |

| | |
|---|---|
| Washington, D.C. 20230 | * |
| | * |
| and | * |
| | * |
| U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT | * |
| | * |
| 1001 Pennsylvania Avenue, NW | * |
| Washington, D.C. 20004 | * |
| | * |
| Defendants. | * |
| | * |
| * * * * * * * * * * * * | |

# COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking the expedited processing of agency records requested by the plaintiffs The James Madison Project and Adam Entous from the defendants Central Intelligence Agency, Department of State, Department of Justice (and its component entities), Department of Defense (and its component entities), Department of Commerce, and the U.S. Agency for International Development.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Adam Entous ("Entous") is a staff writer for The New Yorker, and is a representative of the news media.

5. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

6. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

7. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

8. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the Defense Intelligence Agency ("DIA"), the Department of the Army ("Army"), the Department of the Navy ("Navy"), the Department of the Air Force ("Air Force"), the U.S. Marine Corps ("USMC"), the National Security Agency ("NSA") and the Office of the Secretary of Defense ("OSD").

9. Defendant Department of Commerce ("Commerce") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

10. Defendant U.S. Agency for International Development ("USAID") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

**FACTUAL BACKGROUND**

11. This FOIA lawsuit seeks expedited processing, and eventual production, of certain non-exempt U.S. Government records. Specifically, this lawsuit seeks to bring transparency and accountability with respect to attacks employed against U.S. Government personnel by foreign state actors, most recently in the form of attacks on personnel in Cuba and China.

12. In August 2017, media outlets began reporting that U.S. Government officials working in the U.S. Embassy in Havana, Cuba, were subjected to an "acoustic attack" that resulted in health problems. *https://www.cnn.com/2017/08/09/politics/us-cuba-acoustic-attack-embassy/index.html* (last accessed March 4, 2019). The attacks were believed to have begun in mid-November 2016 and lasted until Spring 2017, forcing U.S. Government officials and their family members to seek medical treatment. *https://www.cnn.com/2017/08/20/politics/havana-sonic-attacks/index.html* (last accessed March 4, 2019). President Trump has publicly stated that he believes the Cuban Government is responsible for the attacks. *https://www.cnn.com/2017/10/16/politics/trump-cuba-us-diplomats-attack/index.html* (last accessed March 4, 2019). In June 2018, reports emerged of similar health problems associated with attacks on U.S. Government personnel in China. *https://www.cnn.com/2018/06/06/politics/state-department-medical-incident-china-cuba/index.html* (last accessed March 4, 2019).

13. There are now documented instances of U.S. Government personnel suffering from confirmed medical problems due to what appear to be deliberate attacks by a foreign government. *https://www.miamiherald.com/news/nation-world/world/americas/ cuba/article 218599630.html* (last accessed March 4, 2019); *https://www.miamiherald. com/news/nation-world/world/americas/cuba/article 217980645.html* (last accessed March 4, 2019); *https://www.today.com/video/-acoustic-attack-on-diplomats-in-cuba-is-worse-than-first-thought-1031391299693* (last accessed March 4, 2019); see also *https://globalnews.ca/news/3954218/ canadians-have-withdrawn-some-personnel-from-cuba-us-officials-tell-attack-committee/* (reflecting Canadian personnel being withdrawn from Cuba in light of health incidents)(last accessed March 4, 2019).

14. State convened an independent Accountability Review Board ("ARB") in January 2018 to review the circumstances surrounding the reported medical problems, and a final version of that report was submitted to Congress in August 2018. *https://www.state.gov /r/pa/prs/ps/2018/08/285576.htm* (last accessed March 4, 2019). The Department commissioned a new study in February 2019, including a team of scientists and medical doctors, to further investigate the issue. *https://thehill.com/policy/healthcare/428555-state-dept-asks-scientists-to-study-mystery-acoustic-attacks-in-cuba-report* (last accessed March 4, 2019).

15. There is also historical precedent regarding the use of weapons against U.S. Government personnel abroad in other locations. During the Cold War and in the years immediately following its end, the Soviet Union (and later Russia following the dissolution of the Soviet Union) was believed to employ a "high-powered microwave system weapon" that targeted U.S. Government personnel. *https://www.nytimes.com/*

*2018/09/01/science/sonic-attack-cuba-microwave.html* (last accessed March 4, 2019); *https://www.newsweek.com/russia-us-attack-cuba-officials-649546* (last accessed March 4, 2019); *https://www.politico.com/story/2017/11/12/cuba-attacks-cold-war-technology-244787* (last accessed March 4, 2019); *https://www.washingtonpost.com/local/was-a-spys-parkinsons-disease-caused-by-a-secret-microwave-weapon-attack/2017/11/26/d5d530e0-c3f5-11e7-afe9-4f60b5a6c4a0_story.html?utm_term=.e3ab97a68ae8* (last accessed March 4, 2019). The Soviets were specifically suspected of using radio waves to target U.S. signals collection in Moscow, resulting in U.S. Government personnel hearing high-pitched sounds and suffering from dizziness, nausea and memory issues. *https://www.politico.com/story/2017/11/12/cuba-attacks-cold-war-technology-244787* (last accessed March 4, 2019).

16. To date, the details of what transpired in Cuba and China, to say nothing of the conclusions of the U.S. Government during the Cold War regarding the Soviet efforts, remains largely obscured from public view and scrutiny. The purpose of this FOIA litigation is to provide transparency and accountability not only for current U.S. Government personnel suffering from possible foreign attacks but also those who were similarly attacked during the course of the Cold War. The list of questions this litigation seeks to address include, but are not limited, to the following: (a) what country(ies) are perpetrating these current attacks and how long has the U.S. Government known about the problem?; (b) why have the details of the investigation not yet been made available in any form to the American public?; and (c) have other U.S. Government personnel other than diplomats at our Embassies been targeted? Some in Congress are investigating the matter, *https://www.cbsnews. com/news/jeff-flake-says-theres-no-evidence-cuban-*

*government-attacked-american-diplomats/* (last accessed March 4, 2019), but the American public deserves to have a complete and comprehensive explanation of what has transpired.

### COUNT ONE (CIA)

17. The plaintiffs, JMP and Entous (hereinafter referred to jointly as "the Requesters"), repeat and reallege paragraphs 11 through 16 above, inclusive.

18. By letter dated February 21, 2019, the Requesters submitted to CIA a FOIA request. The request sought expedited processing.

19. The FOIA request specifically sought copies of records, including cross-references, encompassing three categories: (a) investigations into attacks on U.S. Government personnel in Cuba; (b) investigations into attacks on U.S. Government personnel in China; and (c) records regarding attacks on U.S. Government personnel anywhere in the world, with particular attention to the Soviet Union/Russia.

20. To date, no substantive response has been received by the Requesters from CIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT TWO (STATE)

21. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

22. By letter dated February 21, 2019, the Requesters submitted to State a FOIA request. The request sought expedited processing.

23. The Requesters repeat and reallege paragraph 19.

24. To date, no substantive response has been received by the Requesters from State regarding expedited processing. The Requesters have constructively exhausted all

required administrative remedies.

## COUNT THREE (FBI)

25. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

26. By letter dated February 21, 2019, the Requesters submitted to the FBI a FOIA request. The request sought expedited processing.

27. The Requesters repeat and reallege paragraph 19.

28. To date, no substantive response has been received by the Requesters from the FBI regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

## COUNT FOUR (DOJ)

29. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

30. By letter dated February 21, 2019, the Requesters submitted to the DOJ a FOIA request. The request sought expedited processing.

31. The Requesters repeat and reallege paragraph 19.

32. By letter dated March 1, 2019, DOJ denied expedited processing. The request was designated as Request No. DOJ-2019-002565. No constructive exhaustion of administrative remedies is required.

## COUNT FIVE (DIA)

33. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

34. By letter dated February 21, 2019, the Requesters submitted to DIA a FOIA request. The request sought expedited processing.

35. The Requesters repeat and reallege paragraph 19.

36. To date, no substantive response has been received by the Requesters from DIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT SIX (OSD)

37. The Requesters repeat and reallege paragraphs 10 through 13 above, inclusive.

38. By letter dated February 21, 2019, the Requesters submitted to OSD a FOIA request. The request sought expedited processing.

39. The Requesters repeat and reallege paragraph 19.

40. By letter dated February 28, 2019, OSD acknowledged receipt of the request and assigned it Request No. 19-F-0807.

41. To date, no substantive response has been received by the Requesters from OSD regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT SEVEN (AIR FORCE)

42. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

43. By letter dated February 21, 2019, the Requesters submitted to the Air Force a FOIA request. The request sought expedited processing.

44. The Requesters repeat and reallege paragraph 19.

45. To date, no substantive response has been received by the Requesters from the Air Force regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT EIGHT (ARMY)

46. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

47. By letter dated February 21, 2019, the Requesters submitted to the Army a FOIA request. The request sought expedited processing.

48. The Requesters repeat and reallege paragraph 19.

49. To date, no substantive response has been received by the Requesters from the Army regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT NINE (NAVY)

50. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

51. By letter dated February 21, 2019, the Requesters submitted to the Navy a FOIA request. The request sought expedited processing.

52. The Requesters repeat and reallege paragraph 19.

53. To date, no substantive response has been received by the Requesters from the Navy regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

### COUNT TEN (USMC)

54. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

55. By letter dated February 21, 2019, the Requesters submitted to the USMC a FOIA request. The request sought expedited processing.

56. The Requesters repeat and reallege paragraph 19.

57. To date, no substantive response has been received by the Requesters from the USMC regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

## COUNT ELEVEN (NSA)

58. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

59. By letter dated February 21, 2019, the Requesters submitted to the NSA a FOIA request. The request sought expedited processing.

60. The Requesters repeat and reallege paragraph 19.

61. To date, no substantive response has been received by the Requesters from the NSA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

## COUNT TWELVE (COMMERCE)

62. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

63. By letter dated February 21, 2019, the Requesters submitted to Commerce a FOIA request. The request sought expedited processing.

64. The Requesters repeat and reallege paragraph 19.

65. To date, no substantive response has been received by the Requesters from Commerce regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies.

## COUNT THIRTEEN (USAID)

66. The Requesters repeat and reallege paragraphs 11 through 16 above, inclusive.

67. By letter dated February 21, 2019, the Requesters submitted to USAID a FOIA request. The request sought expedited processing.

68. The Requesters repeat and reallege paragraph 19.

69. To date, no substantive response has been received by the Requesters from USAID regarding expedited processing. The Requesters have constructively exhausted all

required administrative remedies.

WHEREFORE, plaintiffs The James Madison Project and Adam Entous pray that this Court:

(1) Order the defendant federal agencies to grant the plaintiffs expedited processing for all their requests;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   March 5, 2019

Respectfully submitted,

/s/

_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs