UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MADISON PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, et al., <br><br> Defendants. | Civil Action No. 19-0609 (BAH) |

## JOINT STATUS REPORT

Pursuant to the Court's December 26, 2024, Minute Order, Plaintiffs, the James Madison Project and Adam Entous (collectively "Plaintiffs"), and Defendants, Central Intelligence Agency ("CIA"), Department of State ("State"), Department of Justice ("DOJ"), Department of Defense ("DOD"), Department of Commerce ("Commerce"), National Security Agency ("NSA"), and U.S. Agency for International Development ("USAID")(collectively "Defendants"), by and through undersigned counsel, respectfully submit this joint status report.

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeks records responsive to FOIA requests concerning "Anomalous Health Incidents" submitted to Defendants on or about February 21, 2019.

2. On December 26, 2024, this Court ordered the parties to update the Court on the following seven items: (1) The parties' estimates of how many pages of records remain to be processed and produced by each Defendant; (2) The search terms for which Plaintiffs are requesting records be produced, and plaintiffs' justification for continuing to request records for each search term identified; (3) A detailed explanation by Plaintiffs of how any of the FOIA requests for which production is not yet complete have been narrowed, if at all; (4) Whether

Plaintiffs have rejected any narrowing proposals by defendants and, if so, a description of each narrowing proposal rejected and the rationales for rejecting each one; (5) A description of any other steps the parties are currently or anticipate taking to bring this matter to an expeditious resolution; (6) An estimated timeline for the final production of records in this matter; and (7) Plaintiffs' anticipated legal challenges, if any, to the scope of Defendants' searches and withholdings to date.

3. Since the Court's December 26, 2024, Minute Order, the parties have exchanged several emails and had extensive productive discussions about the best way to narrow this case. However, due to leave around the holidays and the start of the new year, the exchange of information continues. The parties will continue to meet between their counsel to reduce the number of issues that need to be resolved through this litigation as possible.

4. The parties' responses to these items as to each agency is as follows:

5. Department of Defense: The Department of Defense reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final response on March 23, 2021. With respect to items (5) and (7), the Department of Defense is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Department of Defense's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

6. Plaintiffs' Response to Court Regarding DoD: For items (2), (5) and (7), the Plaintiffs have requested that DoD provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with the Department to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from DoD as none were ever proffered. Once the requested

information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7).

7.  Department of the Navy: The Department of the Navy reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it responded to this request by indicating that it did not locate records responsive to the request. With respect to items (5) and (7), the Department of the Navy is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Department of the Navy's searches, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute. As to the United States Marine Corps, Navy reports that it had denied the request as vague, overbroad, and unperfected on March 5, 2019.

8.  Plaintiffs' Response to Court Regarding Navy and Marine Corps: For items (2), (5) and (7), the Plaintiffs have requested that Navy provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with the Navy to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from Navy as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7). Specifically with respect to the Marine Corps, Plaintiffs intend on legally challenging its response given the fact that all of the other agencies were able to properly process the requests without any concern of them being "vague" or "overbroad".

9.  Department of the Air Force: The Department of the Air Force reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final response on October 18, 2019. With respect to items (5) and (7), the Department

of the Air Force is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Department of the Air Force's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

10. Plaintiffs' Response to Court Regarding Air Force: For items (2), (5) and (7), the Plaintiffs have requested that Air Force provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with the Air Force to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from Air Force as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7).

11. Department of the Army: The Department of the Army reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final response on February 28, 2020.  With respect to items (5) and (7), the Department of the Army is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Department of the Army's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

12. Plaintiffs' Response to Court Regarding Army: For items (2), (5) and (7), the Plaintiffs have requested that Army provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with the Army to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from Army as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7).

13. Defense Intelligence Agency: The Defense Intelligence Agency reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final response on December 3, 2020. With respect to items (5) and (7), the Defense Intelligence Agency is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Defense Intelligence Agency's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

14. Plaintiffs' Response to Court Regarding DIA: For items (2), (5) and (7), the Plaintiffs have requested that DIA provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with DIA to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from DIA as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7). With that said, Plaintiffs note that DIA, in its letter dated December 3, 2020, as well as in an earlier letter dated January 24, 2020, withheld nine records in full and Plaintiffs do anticipate challenging those determinations.

15. OIP: DOJ's Office of Information Policy (OIP) reports that it issued its final response to Plaintiff on May 27, 2020. As to item (1), OIP has zero pages remaining to process. As to items (2)-(4) and (6), OIP has no information to report given that it issued its final response on May 27, 2020. As to item (5), OIP is not currently and does not anticipate needing to take any further steps to resolve this matter. Finally, as to item (7), OIP is unaware of any challenges that Plaintiff intends to raise regarding OIP's final response.

16. Plaintiffs' Response to Court Regarding OIP: The Plaintiffs have no objection to the dismissal of this component from the litigation.

17. FBI: The FBI reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final production on December 15, 2022. With respect to item (5), the FBI looks forward to addressing questions from Plaintiffs regarding its releases in this case—all of which have been withheld in full under Exemption b7A with underlying exemptions under Exemptions 1, 3, 5, 6/7C, 7D, and 7E. The FBI is unaware of any challenges that Plaintiff intends to raise regarding the scope of FBI's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

18. Plaintiffs' Response to Court Regarding FBI: For items (2), (5) and (7), the Plaintiffs have requested that FBI provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with the FBI to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from FBI as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7). With that said, Plaintiffs can state they intend to challenge the invocation of Exemption 7A and suggests to the Court that this specific issue can be the subject of initial litigation to determine the appropriateness and whether the FBI's additional exemptions will ever need to be addressed.

19. CIA: The CIA reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final production on October 7, 2024. With respect to item (5), the CIA looks forward to addressing questions from Plaintiffs regarding its responses in this case. As reported in previous Joint Status Reports, (a) the CIA acknowledges that it has records responsive to Part 1 of Plaintiffs' FOIA request but declines to describe further

or enumerate the types, dates, or other descriptive information about these records, because further information is protected from disclosure under FOIA Exemptions 1 and 3; (b) the CIA continues to assert a Glomar response under FOIA Exemptions 1 and 3 for Part 2 of Plaintiffs' FOIA request; and (C) CIA agreed to conduct a reasonable search based on terms provided by Plaintiffs in response to Part 3 of Plaintiffs' FOIA request, pursuant to which the CIA released records with information withheld pursuant to Exemptions 1, 3 and others. The CIA is unaware of any challenges that Plaintiffs intend to raise regarding the scope of CIA's searches and withholdings to date, but will confer with Plaintiffs to narrow—if not eliminate—issues that remain in dispute.

20. Plaintiffs' Response to Court Regarding CIA: For items (2), (5) and (7), the Plaintiffs have requested that CIA provide a description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with CIA to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from CIA as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7). With that said, Plaintiffs do intend to challenge CIA's Glomar invocation, which can be addressed now if the Court desires (perhaps along with FBI's Exemption 7A invocation) and numerous withholdings.

21. State: With respect to item (1), the Department of State estimates that there are approximately 500 pages of records that remain to be processed and produced on the unclassified network and approximately 9,800 records to be processed and produced on the classified network. With respect to items (2)-(4), the Department of State has provided narrowing suggestions to Plaintiff and requested that Plaintiff also provide some narrowing suggestions to reduce the overall number of responsive records on the classified network. With respect to item (6), the Department

estimates that it will complete processing of records on the unclassified network on July 2025 and estimates that processing of records on the classified network will take decades unless the Parties are able to come to a narrowing agreement for the records search on the classified network. With respect to items (5) and (7), the Department of State is unaware of any challenges that Plaintiff intends to raise regarding the scope of the Department of State's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

22. Plaintiffs' Response to Court Regarding State: the Plaintiffs are working with State on a narrowing agreement and will be in a position to report further to the Court on the progress for the next Joint Status Report.

23. Commerce: Commerce reports that it does not have information to report with respect to items (1)-(4) and (6) of this Court's Order because it made its final response on September 4, 2024. Commerce further reports that, in response to a request from Plaintiffs for search terms, it conveyed a list of search terms today. Plaintiffs are still evaluating that search description. With respect to items (5) and (7), Commerce is unaware of any challenges that Plaintiff intends to raise regarding the scope of Commerce's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

24. Plaintiffs' Response to Court Regarding Commerce: For items (2), (5) and (7), the Plaintiffs are considering Commerce's description of the searches, i.e., terms utilized and names of components/offices, that were conducted to determine adequacy and will work with Commerce to attempt to avoid any litigation concerning these issues. For item (4), the Plaintiffs never rejected any narrowing proposals from Commerce as none were ever proffered. Once the requested information above is received, the Plaintiffs can finalize their position with respect to anticipated legal challenges per item (7).

25. NSA: With respect to item (1), NSA respectfully notes that NSA cannot at this time, in a public filing, give details addressing Plaintiffs' questions about the total number of potentially responsive records, a monthly processing rate, or an estimated processing completion date, without revealing classified information. Additionally, most of the remaining documents to be processed require interagency consultations whose timing NSA cannot predict or control. To the extent that this Court would like further information, NSA can work with the US Attorney's Office to lodge a classified statement for this Court. In this public setting, however, NSA reiterates that it is prioritizing the processing of records that are potentially responsive to Plaintiff's FOIA request. NSA anticipates that it will release responsive, non-exempt records to Plaintiff once NSA has completed its processing and necessary consultations. NSA also anticipates that it will be asserting a *Glomar* response to portions of Plaintiff's request. With respect to items (2)-(4), (5) and (7), NSA is unaware of any challenges that Plaintiff intends to raise regarding the scope of the NSA's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

26. Plaintiffs' Response to Court Regarding NSA: This response does not provide Plaintiffs with sufficient information to be able to comment. It is noted that no other agency has taken such a position particularly regarding any difficulties with consultations, including those within the Intelligence Community. This lawsuit has been pending for five years and Plaintiffs do not accept NSA's assertions as being reasonable and respectfully requests the Court to order it to provide additional details, even if *in camera* and *ex parte*. With that said, Plaintiffs do intend to challenge NSA's Glomar invocation and offers to address this specific legal issue now if the Court desires (along with CIA's Glomar invocation and perhaps along with FBI's assertion of Exemption 7A).

27. USAID: USAID reports that, with respect to items (1) and (6), it has approximately 4,398 left to process and produce, which will be 18 months at the current pace of 250 pages a month. With respect to (2), USAID reports that the current volume of remaining records is based on a search of USAID custodians of the following terms: ("microwave weapon" OR "microwave attack" OR "energy directed weapon" OR "acoustic attack" OR "acoustic incident" OR ("health incidents" AND "Cuba") OR ("health incidents" AND "China") OR "unexplained health incidents" OR "Havana Syndrome" OR "China Syndrome" OR "auditory or sensory phenomena" OR "auditory phenomena" OR "sensory phenomena" OR "acoustic microwave" OR "AHI" OR "Anomalous health incident" OR "unexplained injury"). With respect to item (5), USAID proposes that the parties agree to scope out of the remaining records to be processed news articles or any other false positives that do not reflect "factual findings on the source and nature of the attacks, details on health problems identified as resulting from the attacks, and substantive determinations regarding diplomatic and/or political actions taken in response to those findings" as the request from Plaintiff defines the word "attacks." With respect to item (7), USAID is unaware of any challenges that Plaintiff intends to raise regarding the scope of the USAID's searches and withholdings to date, but will confer with Plaintiff to narrow—if not eliminate—issues that remain in dispute.

28. Plaintiffs' Response to Court Regarding USAID: the Plaintiffs are working with USAID on a narrowing agreement and will be in a position to report further to the Court on the progress for the next Joint Status Report.

Counsel for the parties continue to engage in discussions to resolve or narrow the litigation. In light of the foregoing, the Parties suggest the next status report be filed by January 31, 2025.

Dated:  January 17, 2025                    Respectfully submitted,

                                                            BRIDGET M. FITZPATRICK, D.C. Bar #474946
                                                            Acting United States Attorney

                                                            BRIAN P. HUDAK
                                                            Chief, Civil Division

By:   */s/ Stephen DeGenaro*
       STEPHEN DEGENARO
       D.C. Bar #1047116
       Assistant United States Attorney
       601 D Street., N.W.
       Washington, D.C. 20579
       Phone: (202) 252-7229
       Email: Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*

*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W.
Ste. 700
Washington, D.C. 20036
(202) 454-2809/f-(202) 330-5610
Brad@MarkZaid.com
Mark@MarkZaid.com

*Counsel for Plaintiffs*